UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD THOMAS ANTHONY,

        Plaintiff,        Case No. 1:09-cv-849

v.        Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

## ORDER DENYING MOTION TO AMEND

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that the Michigan Department of Corrections (MDOC) improperly aggregated four consecutive sentences of two to twenty years into a term of eight to eighty years in violation of state and federal law. As a result of the MDOC's improper sentence calculation, Plaintiff has been denied parole consideration, deprived of disciplinary credits and suffered other adverse affects relating to security classification and programming. On October 7, 2009, the Court issued an opinion and judgment dismissing Plaintiff's action without prejudice because a challenge to the fact or duration of confinement must be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. Plaintiff now moves to amend his complaint to avoid dismissal of his action (docket #8).

        Plaintiff seeks to amend his complaint to assert specific Fifth, Eight and Fourteenth Amendment claims. Plaintiff seems to believe that by identifying the alleged constitutional violations, his action will be proper under § 1983. However, the Court has no discretion in allowing

amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore*, 114 F.3d at 612. Moreover, Plaintiff's proposed amendment would not cure his complaint. The Court properly concluded that Plaintiff's claims challenging the calculation of his sentence by the MDOC must be brought as a habeas corpus action and is not the proper subject of a civil rights action. The Court has not ruled on the merits of Plaintiff's alleged constitutional claims, which may be presented in a habeas corpus petition. Therefore:

IT IS ORDERED that Plaintiff's motion to amend (docket #8) is DENIED.


Dated: November 2, 2009 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge